THE STATE OF KANSAS v. JACOB M. KEPPLE *et al.*

No. 201.

ASSAULT AND BATTERY—*Prior Conviction of Prosecuting Witness —Instruction.* It is not error for the court, in a criminal action, to instruct the jury that the fact of the previous conviction of the prosecuting witness, who was also a witness upon the trial, of a like criminal offense, should only be considered by the jury as bearing upon the credibility of such witness, when the transaction upon which such conviction was based was not shown to have had any direct connection with the case on trial.

MEMORANDUM. — Appeal from Osborne district court; CYRUS HEREN, judge. Jacob M. Kepple and John Haines were convicted of assault and battery. They appeal to this court. Affirmed. The opinion herein, filed November 11, 1895, states the facts.

*Robinson & McBride,* for appellants.
*S. W. Smith,* for The State.

26—2 APP.

The opinion of the court was delivered by

GARVER, J.: The appellants, Kepple and Haines, at the October, 1894, term of the district court of Osborne county, were convicted of the offense of assault and battery committed upon one Robert Ohnsat. The only assignment of error which we are called upon to consider is based upon an instruction of the court to the jury with reference to the consideration which the jury should give to the evidence showing a prior conviction of the prosecuting witness, Ohnsat, of a similar offense. The instruction complained of reads as follows :

"The jury are instructed that the conviction of the prosecuting witness, Robert Ohnsat, of assault and battery should be considered by you only as bearing upon the question of the credibility of said Robert Ohnsat as a witness in this case. The question of whether or not he was rightfully convicted, or whether he or the defendant Kepple were the more in fault in the fight referred to as the first fight, is not before you for your consideration in determining the question of guilt or innocence of these defendants, or either of them, except so far as such conviction may bear upon the credibility of Robert Ohnsat in this case as a witness, and you are the judges as to what weight should be given to such fact, as well as all other facts proven in the case."

The record filed in this court does not contain any of the evidence given upon the trial. The bill of exceptions is limited to a statement of the fact that evidence was introduced upon the trial by both the state and the defendants, and the above instruction is all of the instructions that is preserved by the record. There is nothing to show at what time Ohnsat was convicted, nor in what manner that fact was proved upon the trial. We do not see how the fact of the

previous conviction of Ohnsat was competent evidence for any purpose, nor how it could be admitted in evidence as pertinent to the guilt or innocence of the defendants on trial, unless we may infer that Ohnsat was examined and testified as a witness for the state, and on cross-examination, in answer to questions by counsel for defendants, admitted his previous conviction. Such inquiry would be proper on cross-examination for the purpose of reflecting upon his character and discrediting him as a witness. (*The State v. Pfefferle,* 36 Kan. 90.) It is unimportant for that purpose whether either of the defendants in this case was involved in the previous affair out of which grew the prosecution against Ohnsat. If it was so connected with the transaction for which the defendants in this case were on trial that it might properly be held to have some legitimate bearing upon their guilt or innocence, then it would be proper for the court to hear evidence with reference thereto, and for the jury to consider such facts in connection with the other evidence in the case bearing more directly upon the immediate subject of inquiry. Unless there was such connection and relation between the two transactions, it was entirely foreign to the issues in this case, and would only tend to confuse the jury to permit them to stop and consider whether the former conviction was rightly secured. If the fact of the previous conviction of Ohnsat was admitted in evidence only for the purpose of affecting his credit as a witness, there was no error in the instruction of the court. In the absence of an affirmative showing, we must assume that the court correctly applied the law, and that the evidence was only admitted for the one purpose.

The judgment will be affirmed.

All the Judges concurring.